IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DELORES LAMBERT                         §
                                        §
                Plaintiff,              §
                                        §
VS.                                     §          NO. 3-04-CV-1235-D
                                        §
JO ANNE B. BARNHART,                    §
Commissioner of Social Security         §
                                        §
                Defendant.              §

**<u>MEMORANDUM ORDER</u>**

Plaintiff Delores Lambert has filed a motion to modify the scheduling order so that she may submit additional briefing on defendant's motion for summary judgment.[1]  Defendant opposes the motion because plaintiff was given a fair opportunity to fully brief the issues raised on summary judgment and should not have a second "bite at the apple."  The motion has been briefed by the parties and is ripe for determination.

This is a gender and disability discrimination, hostile work environment, and retaliation case brought by plaintiff against her former employer, the Commissioner of Social Security.  Plaintiff initiated the action by filing suit in federal district court on June 7, 2004.  On October 4, 2005, after the close of discovery, defendant filed a motion for summary judgment.  The motion was immediately referred to the magistrate judge who ordered plaintiff to file a written response, a supporting brief, and any evidence by November 4, 2005.  *See* Order, 10/12/05.  No response was

---

[1] Plaintiff seeks this relief as part of an omnibus motion to allow her attorney to withdraw, for continuance of the trial setting, and to modify the scheduling order.  On March 8, 2006, the district judge granted the motion for a trial continuance and denied without prejudice the motion to withdraw.  That portion of the motion requesting a modification of the scheduling order so that plaintiff may file additional summary judgment briefing was referred to the magistrate judge for determination.  *See* Order, 3/8/06.

filed at that time.  Four weeks later, on December 8, 2005, plaintiff sought an extension of time to file a response due to the illness of her attorney.  Defendant did not oppose the request and, as suggested by plaintiff, the court established a new response deadline of January 3, 2006.  *See* Order, 12/9/05.  On that date, plaintiff filed a five-volume appendix of evidence consisting of 1,095 pages.  However, no response or brief were filed.  This oversight went unexplained until January 20, 2006, when plaintiff sought a second extension of time to file a summary judgment response and brief.  In support of her motion, which defendant opposed, plaintiff alleged that her response, brief, and appendix were delivered to a courier to be filed with the clerk on January 3, 2006.  Upon discovering that only the appendix was filed, counsel attempted to locate the missing documents, but was unable to do so.  Counsel then tried to retrieve the response and brief from his laptop computer, but the computer would not work.  Days later, with technical assistance from an outside vendor, counsel was able to transfer the hard drive from his old computer to a new computer and reprint the response and brief.  Counsel did not argue or even mention his medical condition as a reason for this additional delay.  Following a hearing on January 26, 2006, the court found that the explanation offered by counsel satisfied the "excusable neglect" standard and allowed plaintiff to file her response and brief out-of-time.  *See* Order, 1/26/06.

On February 8, 2006, shortly after defendant notified the court it would not file a reply, plaintiff filed the instant motion seeking, *inter alia*, a modification of the scheduling order to permit additional briefing in opposition to defendant's motion for summary judgment.  Citing the on-going medical problems of her current attorney,[2] plaintiff alleges that her response and brief are "inadequate" and asks for an opportunity "to secure other counsel and have new counsel properly present the merits of her case in a summary judgment brief[.]"  (Plf. Mot. at 2, ¶ 6).  Defendant

---

[2] A one-half page letter from counsel's physician describing his medical condition and course of treatment has been tendered to the court *in camera*.

opposes the motion for a variety of reasons, most notably that plaintiff has had three months to prepare a response, received two extensions of time, and has not adequately explained why she waited so long to bring this matter to the court's attention.

Plaintiff's motion is subject to the "excusable neglect" standard of Fed. R. Civ. P. 6(b). That rule provides, in relevant part:

> When by these rules or by a notice given thereunder *or by order of court* an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . *upon motion made after the expiration of the specified period* permit the act to be done where the failure to act was the result of *excusable neglect* . . .

FED. R. CIV. P. 6(b) (emphases added).  The determination of what constitutes "excusable neglect" is an equitable one. *See Pioneer Investment Services, Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993).  The court must take into account all relevant circumstances surrounding the party's omission. *Id.*, 113 S.Ct. at 1498.  These include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*  However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . ." *Id.* at 1496; *see also Jaramillo v. City of Dallas*, No. 3-99-CV-0828-D, 2001 WL 1148220 at *3 (N.D. Tex. Sept. 21, 2001) (analyzing motion for leave to file out-of-time response to motion for summary judgment under Rule 6(b) "excusable neglect" standard).

Judged against these standards, the court determines that plaintiff has failed to demonstrate "excusable neglect."  The court is unwilling to defer action on defendant's motion for summary judgment indefinitely while plaintiff searches for substitute counsel to evaluate the case, research the relevant facts and law, and submit additional briefing.  Not only does plaintiff fail to disclose

whether she has made any efforts to find another attorney, but there is no reason to believe that new counsel will be able to submit additional arguments and evidence to support plaintiff's discrimination and retaliation claims.  This case is nearly three years old and defendant's motion for summary judgment has been pending for more than five months.  Defendant is entitled to a prompt ruling on its motion and, if warranted, dismissal of the case.  Although counsel's medical condition is certainly a matter outside the control of plaintiff, there is no excuse for waiting until the motion for summary judgment was fully briefed and ripe for determination before bringing this matter to the court's attention.  All the evidence regarding counsel's medical condition was known to plaintiff and her attorney for many months.  Plaintiff could have and should have attempted to locate substitute counsel *before* her attorney filed a brief that admittedly was "inadequate."

For these reasons, plaintiff's motion to modify the scheduling order is denied.

SO ORDERED.

DATED:  March 29, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE